**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| PRISCILLA LEAL, as Representative of the Estate of ERIC GREEN, | § § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO: 5:26-cv-2659-MA |
| JAVIER SALAZAR, BEXAR COUNTY SHERIFF, and JOHN DOES 1-10 being UNKNOWN BEXAR COUNTY SHERIFF'S DEPUTIES | § § § § § | |
| Defendant. | § § | |

## BEXAR COUNTY'S RULE 12(b)(1) and 12(b)(6) MOTION TO DISMISS

Now comes Defendant Bexar County Sheriff Javier Salazar and moves that Plaintiff Priscilla Leal's claims be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing and 12(b)(6) for failure to state a claim for relief. In support, Sheriff Salazar respectfully shows as follows:

## SUMMARY OF SELECTED BACKGROUND INFORMATION AND ARGUMENT

1. Priscilla Leal, "as Representative of the Estate of Eric Green" ("Plaintiff"), initiated this lawsuit by filing an original complaint on April 22, 2026, and naming Sheriff Salazar and unnamed "John Doe" Bexar County Sheriff's Deputies as defendants. Docket no. 1.

2. Plaintiff alleges that she is "a natural born person, resident of Bexar County." Docket no. 1 at 1. Plaintiff alleges, in sum, that on April 17, 2025, Eric Green was arrested for possession of a controlled substance, was transported to the Bexar County Adult Detention Center, and at 8:56 a.m. on the next day, he was found dead in his cell. *Id*. at 2. Plaintiff alleges that Green died of

1

methamphetamine toxicity, and that "BCSO staff failed to check on Mr. Green and failed to provide medical treatment to Mr. Green leading directly to his death." *Id*. at 2, 3.

3.     Based on these allegations, Plaintiff asserts one cause of action under the Section 1983 for failure to render medical treatment, alleging violation of Green's Fourteenth Amendment rights.  Docket no. 1 at 3-4.  Plaintiff also seeks declaratory judgment that "the unknown BCSO deputies" willfully or recklessly "withheld medical treatment to Plaintiff in violation of Texas law and Plaintiff's rights under the United States Constitution." *Id*.

4.     Plaintiff's claims should be dismissed because the facts asserted in her original complaint are insufficient to show that she has the standing or the capacity to bring any civil rights claims pursuant to the Texas state wrongful death or survival statutes.  Plaintiff's claims against Sheriff Salazar also should be dismissed because Plaintiff fails to state a viable claim for relief.

### LEGAL STANDARDS

#### A.     Standing

5.     The plaintiff bears the burden at the pleading stage to establish Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Spokeo Inc. v. Robins*, 578 U.S. 330, 338 (2016).  "Standing under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill in the gaps in administration of civil rights suits. Therefore, a party must have standing to under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988." *Brazier v. Cherry*, 293 F.2d 401, 409 (5th Cir. 1961) (citations omitted).

6.     In turn, under the Texas Wrongful Death Act provides that "[t]he surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all." Tex. Civ. Prac. & Rem. Code § 71.004(a). "All or any one of the parties, to whom the right of action is given, may bring suit, and where it is brought by only one

2

[or some but not all] of the parties, it *must appear* that the suit was brought for the benefit of all."

*Avila v. St. Luke's Lutheran Hospital*, 948 S.W.2d 841, 850 (Tex.App.—San Antonio 1997, pet. denied) (brackets and emphasis in original). The Texas survival statute states, "A personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person." Tex. Civ. Prac. & Rem. Code § 71.021(b). Accordingly, under this statute, "A deceased's estate has standing to bring a survival action, not individuals; but limited classes of persons are statutorily granted capacity to bring the survival action on behalf of the estate." *Turk v. Mangum*, 268 F.Supp.3d 928, 934 (S.D.Tex. 2017).

**B.      Sufficiency of Pleading**

7.      The sufficiency of a pleading to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) is evaluated under the two-step process outlined by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). First, the Court must identify the complaint's factual allegations, which are assumed to be true, and distinguish them from any conclusory statements that are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678, 680-81. Second, the Court must assess whether the assumed-as-true factual allegations set forth a plausible claim to relief. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to determine whether "the well-pleaded facts . . . permit the court to infer more than the mere possibility of misconduct[.]" *Iqbal*, 556 U.S. at 679. Ultimately, the claim is subject to dismissal if it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Further, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. If a complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of

the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557).

## ARGUMENT

**I.    Plaintiff does not allege facts sufficient to show that she has standing to assert Section 1983 claims pursuant to the Wrongful Death Act.**

8.    Plaintiff's claims should be dismissed under Rule 12(b)(1) because she alleges no facts to show that she has standing to bring suit under the Texas Wrongful Death Act.  As discussed above, that statute confers standing upon the surviving spouse, child, or parents of the deceased. Plaintiff makes no allegations whatsoever about her relationship to the deceased, Eric Green.  She alleges only that she is "a natural born person, resident of Bexar County."  Docket no. 1 at 1. Dismissal for lack of standing is appropriate.  *Singleton v. Harris County, Texas*, 752 F.Supp.3d 672, 677 (S.D.Tex. 2024) (dismissing lawsuit where "[n]othing is alleged to indicate that [plaintiff is] the *spouse*, *child*, or *parent* of [the decedent] under the Texas wrongful-death statute.")

**II.    Plaintiff does not allege facts sufficient to show that she has standing to assert Section 1983 claims pursuant to the survivor statute.**

9.    Plaintiff's claims should be dismissed under Rule 12(b)(1) because she alleges no facts to show that she has standing to bring suit under the Texas survivor statute.  Plaintiff only avers (in the caption of her lawsuit) that she is asserting claims "as Representative of the Estate of Eric Green." Docket no. 1 at 1.  Plaintiff's mere pleading that she is the "Representative" of the estate is insufficient to confer standing at the pleading stage.  *Singleton*, 752 F.Supp.3d at 677 (holding Plaintiff's bare allegation that she is the "Personal Representative" of the decedent's estate failed to "explain why she's included within the ambit of *heirs*, *legal representatives*, or *estate* of [the decedent] under the Texas survival statute.").  Plaintiff's pleadings fail to establish Artilce II standing, so her claims should be dismissed.

4

**III.    Plaintiff does not allege facts sufficient to establish a viable claim against Sheriff Salazar**

10.    As an initial matter, Plaintiff does not specifically assert any claim against Sheriff Salazar.  In her single cause of action, captioned, "Failure to render Medical Treatment," Plaintiff alleges only actions by the "John Doe" officers: that "unknown sheriff's deputies violated Green's due process rights" by "failure to . . . perform basic rounds on [Green's] floor[.]"  Docket no. 1 at 3. That is, Plaintiff makes no assertions regarding Sheriff Salazar's actions or inactions in the "Causes of Action" section of the original complaint.

11.    Being generous to the Plaintiff here, Plaintiff does assert a single sentence in the "Facts" section regarding the actions of Sheriff Salazar: "Salazar in his official capacity as Bexar County Sheriff, failed to assure the staff at the BCADC had the proper training to make sure inmates were properly treated."  Docket no. 1 at 3.  Again, being generous to the Plaintiff here, Plaintiff arguably intends by this sentence to assert a claim against Sheriff Salazar for supervisory liability for failure to train "staff" at the Bexar County Jail.  Such a claim involves three elements: "(1) the supervisor . . .failed to . . .train the subordinate official; (2) a causal link exists between the failure to train . . . and the violation of the plaintiff's rights; and (3) the failure to train . . . amounts to deliberate indifference."  *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

12.    Plaintiff's one-sentence factual allegation is insufficient to support a viable claim for failure to train.  Plaintiff fails to allege facts to support any of the three elements of this claim.  First, because the only other defendants are "John Doe" defendants, Plaintiff does not specify any particular "subordinate official" or how such official violated Green's rights.  Second, the allegation of inadequate training is completely cursory.  To survive a motion to dismiss, a plaintiff "must allege with specificity how a particular training program is defective" and "cannot prevail by styling their complaints about the specific injury suffered as a failure to train claim."  *Roberts v. City of*

*Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005).  Plaintiff falls far short of this pleading requirement. *C.O. b/n/f/ Mendoza v. Round Rock Indep. School Dist.*, No. A-19-CV-0860-LY, 2020 WL 5045034, at *7 (W.D.Tex. Aug. 26, 2020) (dismissing supervisory liability claim where Plaintiff did not "identify any specific law, rule directive, or policy" about which policymaker "should have trained employees," but merely alleged a failure to have "a program to keep young children safe and supervised at school.").

13.     Further, to survive a motion to dismiss this claim, a plaintiff also must show that the failure to train amounts to the policymaker's deliberate indifference to an individual's constitutional rights. *Connick v. Thompson*, 563 U.S.51, 61 (2011); *Mendoza v. Round Rock Indep. School Dist.*, 2020 WL 5045034, at *7.  In turn, to adequately plead deliberate indifference, a plaintiff "usually must show a pattern of similar constitutional violations by untrained employees." *Mendoza v. Round Rock*,  2020 WL 5045034, at *7 (dismissing claim); s*ee also Salinas v. City of Houston*, Civil Action No. 4:22-CV-04120, 2023 WL 8283636, at *3 (S.D.Tex. Nov. 30, 2023) (dismissing failure-to-train claim where plaintiffs "d[id] not specify a pattern of similar violations arising from" the lack of training).  Here Plaintiff makes no allegation of any similar instance of detainees being denied medical treatment, much less a "pattern" of such violations.  Thus, Plaintiff's cursory allegation about a failure to train, unsupported by any allegation of previous, similar misconduct, is insufficient to state a claim for relief.  The Court should dismiss this claim.

## CONCLUSION

Plaintiffs' original petition does not allege sufficient facts to establish that the Plaintiff has standing to bring Section 1983 claims.  All claims therefore should be dismissed pursuant to Rule 12(b)(1).  Further, Plaintiff has not pleaded a viable failure-to-train claim against Sheriff Salazar.  It should be dismissed under Rule 12(b)(6) as well.

Respectfully submitted,

JOE D. GONZALES
Bexar County Criminal District Attorney

By:    /s/ Robert Piatt
       ROBERT W. PIATT III
       State Bar No. 24041692
       Assistant District Attorney – Civil Division
       101 W. Nueva
       San Antonio, Texas 78205
       (210) 335-0785 – Phone
       (210) 335-2773 – Fax
       robert.piatt@bexar.org
       *Attorney for Javier Salazar*

## CERTIFICATE OF SERVICE

I do hereby certify that on May 21, 2026, I electronically filed the foregoing document with the CM/ECF filing system, which will provide service upon all counsel of record.

/s/ Robert Piatt
ROBERT W. PIATT III

7